IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NANCY LAYTON, JEREMY LAYTON, *and* FREDDIE LAYTON, JR, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:25-CV-00585-JRG |
| SMITH COUNTY, LARRY SMITH, *and* BRAYLON J BARNES, | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Opposed Motion to Transfer Case to the Tyler Division (the "Motion") filed by Defendants Smith County, Larry Smith, and Braylon J Barnes ("Defendants"). (Dkt. No. 25). In the Motion, Defendants move to transfer the above-captioned case to the United States District Court for the Eastern District of Texas, Tyler Division (the "Tyler Division") under 28 U.S.C. § 1404(a). (*Id*. at 1). Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that it should be **GRANTED**.

## I.    BACKGROUND

On May 27, 2025, Plaintiffs Nancy Layton, Jeremey Layton, and Freddie Layton, Jr. ("Plaintiffs") filed suit against Defendants, alleging that Defendants "unlawful[ly] and unjust[ly] kill[ed]" Jonathan Layton (the "Deceased"). (*See* Dkt. No. 1, at 1).

All of the facts giving rise to this case occurred in Smith County, Texas, which is within the Tyler Division. The Deceased resided in Smith County, Texas. (*Id*. ¶ 1). The alleged killing "occurred . . . in a rural part of northern Smith County." (Dkt. No. 30, at 13). Also, each party either resides or works in Smith County, Texas. (Dkt. No. 1 ¶¶ 3, 5, 7, 9–10).

## II.    LEGAL STANDARD

Change of venue is governed by 28 U.S.C § 1404(a).  Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."  28 U.S.C. § 1404(a).  The plaintiff's choice of venue is not a separate factor in this analysis.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*Volkswagen II*").  Rather, the plaintiff's choice of forum contributes to the defendant's burden in showing good cause for the transfer.  *Id.* at 315. To show good cause, the moving party must demonstrate that the transferee venue is "clearly more convenient" than the transferor venue.  *Id.*.  Ultimately, it is within the Court's "broad discretion" whether to order a transfer.  *Id.* at 311.

The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district.  *Id.*  In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight.  *Id.*  The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Id.*  The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Id.*

2

### III.    ANALYSIS

The parties dispute each of the private and public interest factors.  The Court discusses each factor in turn.

**(a) Private interest factors**

### *(1)  The relative ease of access to sources of proof*

Defendants argue that the relative ease of access to sources of proof favors transfer because "[t]he evidence is in the Tyler Division." (Dkt. No. 25, at 5).  As support, Defendants note that the killing of the Deceased—which is the basis of this case—occurred in the Tyler Division.  (*Id*. at 4).  Defendants further assert that they all reside in the Tyler Division.  (*Id*.).  According to Defendants, "[t]here is no legitimate reason to litigate this suit in Marshall." (*Id*.).

Plaintiffs disagree.  (Dkt. No. 30, at 6–7).  While Plaintiffs concede that "none of the . . . evidence [is] in Marshall," Plaintiffs maintain that this Division still has a greater ease of access to evidence than the Tyler Division.  (*Id*.).  Plaintiffs reason that the evidence is "essentially all electronic" and it is easier to transport and deliver that evidence to this Division than the Tyler Division.  (*Id*.).

Ultimately, the Court agrees with Defendants.  It is true that Defendants must have "specifically identif[ied] the relevant sources of proof (and why they are relevant)" but failed to do so. *Seven Networks, LLC v. Google LLC*, 2018 WL 4026760, at \*4 (E.D. Tex. Aug. 15, 2018). However, Defendants have "demonstrated a likelihood that *some* documentary evidence is likely to be found in" the Tyler Division. *Id*. at 5 (emphasis in original).  As the underlying facts establish, all parties and witnesses reside in the Tyler Division.  It follows that evidence will be found in that division.

On the other hand, the evidence is undisputedly electronic in nature.  (*See* Dkt. No. 33, at 2; *see also* Dkt. No. 30, at 7).  The Court therefore affords this factor less weight in the overall transfer analysis.  *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2023).

Accordingly, the Court finds that this factor—the relative ease of access to sources of proof—favors transfer but only slightly.

### (2) *The availability of compulsory process to secure the attendance of witnesses*

The parties agree that this factor is neutral.  (Dkt. No. 25, at 3, n. 1; *see also* Dkt. No. 30, at 4, n. 1).

The Court agrees and finds that this factor—the availability of compulsory process to secure the attendance of witnesses—is neutral.

### (3) *The cost of attendance for willing witnesses*

Defendants argue that this Division has a higher cost of attendance for willing witnesses than the Tyler Division.  (Dkt. No. 25, at 5).  As support, Defendants assert that the law enforcement professionals employed by Smith County would face a "substantial hardship" by being forced to litigate this suit "60 miles away from where the . . . witnesses . . . live."  (*Id.*).

Plaintiffs respond that any difference in the cost of attendance between divisions "is not significant."  (Dkt. No. 30, at 7 (citation omitted)).  Plaintiffs reason that the witnesses live within 100 miles of both divisions.  (*Id.* (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)).

The Court agrees with Defendants.  Witnesses incur costs when traveling, even when travelling under 100 miles.  *Radmax*, 720 F.3d at 288–89.  Here, it is undisputed that all witnesses are closer to the Tyler Division that this Division.  The Tyler Division has, in this case, an arguably lower attendance cost for willing witnesses than this Division.  However,

the Court also agrees with Plaintiffs that the mileage difference here is marginal.  *See id*. ("this factor has greater significance when the distance is greater than 100 miles").  This Court also notes the recent analysis from the United States District Court for the Eastern District of Virginia, where the Court in analogous circumstances noted:

> "[T]he Court appreciates that convenience for the Parties and anticipated witnesses is a relevant and important consideration; however, the parties are not necessarily entitled to the *most* convenient forum for their travel demands."

*Shenzhenshibairihongmaoyiyouxiangongsi v. Novoluto GmbH*, 3:25-cv-00844-RCY, Dkt. No. 37, at 2 (E.D. Va.  Feb. 20, 2026).

Accordingly, the Court finds that this factor—the cost of attendance for willing witnesses—weighs in favor of transfer but only slightly.

### (4)  All other practical problems

Defendants argue that other practical problems favor transfer.  (Dkt. No. 25, at 5–6).  Specifically, Defendants contend that law enforcement personnel would be more able to attend to their duties if trial is held in the Tyler Division, as compared to this Division.  (*Id*.).  Defendants also argue that "this case does not present 'rare and special circumstances' in which '[t]he delay associated with transfer may be relevant.'"  (Dkt. No. 33, at 5).

Plaintiffs argue that "[t]here are no practical problems or administrative difficulties" in trying this case in either division.  (Dkt. No. 30, at 11).  As support, Plaintiffs assert that "practical problems" includes "problems such as . . . a court having to decide personal jurisdiction," not the cost of attendance identified by Defendants.  (*Id*. at 11–12).

Defendants' arguments are unpersuasive.  First, the Court notes that the parties agree that transfer would not result in delay.  (*See* Dkt. No. 33, at 5; Dkt. No. 30, at 11).  Second, Defendants rely on the alleged inconvenience that law enforcement personnel would incur by trying this case

in this Division under two (2) factors: this factor and the costs of attendance for willing witnesses. (Dkt. No. 33, at 5–6).  The Court refuses to double-count this alleged inconvenience.  To find otherwise would be inappropriate.

Accordingly, the Court finds that this factor—all other practical problems—is neutral.

### (b) Public interest factors

#### (1) The administrative difficulties flowing from court congestion

Neither party has addressed this factor.  (*See* Dkt. Nos. 25, 30, 33, 34).

Accordingly, the Court finds that this factor—the administrative difficulties flowing from court congestion—is neutral.

#### (2) The local interest in having localized interests decided at home

Defendants argue that the Tyler Division has a stronger local interest in this case than this Division.  (Dkt. No. 25, at 6).  Defendants, who perform their law enforcement duties in the Tyler Division, reason that "[r]esidents of the Tyler Division should have an opportunity to . . . judge the propriety of the conduct of local law enforcement."  (*Id.*).

Plaintiffs argue that "everyone in East Texas" has a "strong local interest" in deciding this case, rendering this factor neutral.  (Dkt. No. 30, at 15).  According to Plaintiffs, this is not a case where one division is not in "any relevant way connected to the events that gave rise to this suit." (*Id*. at 12–13 (citing *Volkswagen II*, 545 F.3d at 318)).

While Plaintiffs correctly note that this Division has an interest in deciding this case, the Tyler Division has a stronger one.  *See In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024) ("the transfer factors are *relative*") (emphasis in original).  After all, "the events that gave rise to [this] suit" occurred in the Tyler Division.  *See id*. at 511 (quoting *In re TikTok, Inc.*, 85 F.4th 352, 364 (5th Cir. 2023).  Plaintiffs have not persuaded the Court otherwise.

Accordingly, the Court finds that this factor—the local interest in having localized interests decided at home—favors transfer.

### (3) *The familiarity of the forum with the law that will govern the case*

Defendants argues that this factor is neutral.  (Dkt. No. 25, at 4, n. 2).  Plaintiffs have not contested otherwise.  (*See* Dkt. No. 30).

Accordingly, the Court finds that this factor—the familiarity of the forum with the law that will govern the case—is neutral.

### (4) *The avoidance of unnecessary problems of conflict of laws*

Defendant argues that this factor is neutral.  (Dkt. No. 25, at 4, n. 3).  Plaintiffs have not disputed this.  (*See* Dkt. No. 30).

Accordingly, the Court finds that this factor—the avoidance of unnecessary problems of conflict of laws—is neutral.

### (c) The "interest of justice"

In its response, Plaintiffs argue that the "interest of justice" disfavors transfer.  (Dkt. No. 30, at 16 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964))).  Specifically, Plaintiffs assert that, as Defendants are or are associated with a county that has a "culture" of police improprieties, intimidation, coercion, and corruption, "[w]itnesses have expressed fear or reluctance to testify in a Tyler courtroom."  (*Id*. at 16–17).

First, the Court has already considered the interest of justice in its discussion of the private and public interest factors.  Indeed, these factors bear on both "convenience . . . and the interest of justice."  *Volkswagen II*, 545 F.3d at 315 (5th Cir. 2008).  Second, and assuming *arguendo* that Plaintiffs' arguments are true, keeping the case in this Division does not guarantee no one might attempt to harass potential fact witnesses, who may otherwise reside in Smith County.  Plaintiff's

criticism of Smith County as having a "culture" of improprieties is nothing more than opinion and argument.

Accordingly, the Court finds that Plaintiffs' arguments should be rejected.

## IV.    CONCLUSION

In view of the foregoing factors, the Court must determine whether the Tyler Division is "clearly more convenient" than this Division.  The Fifth Circuit has been careful to emphasize that district courts should not merely engage in a "raw counting" exercise which tallies up the factors favoring transfer and the factors weighing against transfer.  *Radmax*, 720 F.3d at 290, n.8 ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). Instead, the Court must make factual determinations to ascertain the degree of actual convenience to be achieved, if any, and whether such rises to the level of "clearly more convenient."  *See id.* Where the present and proposed forums are both roughly similar in terms of convenience, courts should not conclude that the proposed transferee forum is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315.  While this Court does not hold that "clearly more convenient" is equal to "clear and convincing," a movant must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning. *See id.*  When carefully applying the convenience factors and the related factual arguments in each unique case, courts should be careful not to lose sight of the plaintiff's choice of forum and its historical significance in our jurisprudence.  *Id.* ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.").

Having found that one factor favors transfer, two factors slightly favor transfer, and five factors are neutral, the Court concludes that, on balance, this case should be transferred to the Tyler Division.

Accordingly, the Court finds that the Motion should be and hereby is **GRANTED**.  The Court therefore **ORDERS** the Clerk of Court to **TRANSFER** the above-captioned case to the Tyler Division.  The Court further **ORDERS** that all pending deadlines in the above-captioned case are **STAYED**, to be rescheduled by the newly assigned District Judge in the Tyler Division.

**So ORDERED and SIGNED this 6th day of March, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

9